SRM

**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Torrence Davis,**<br>Plaintiff<br>-vs-<br>**Joseph Arpaio,**<br>Defendant(s) | CV-05-0904-PHX-SMM (LOA)<br><br>**ORDER** |

Under consideration is Defendant's Motion to Dismiss, filed June 24, 2005 (#8).

**Background** - Plaintiff, previously an inmate in the Maricopa County Jail, instituted this action on March 24, 2005, by filing his Complaint (#1). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and an answer was ordered from Defendant Arpaio.

Plaintiff's Complaint alleges that the jail is severely overcrowded, he receives insufficient and frequently spoiled food, and the living conditions are unsanitary.

Defendant Arpaio filed this Motion to Dismiss on June 24, 2005 (#8), arguing that Plaintiff had failed to exhaust his available administrative remedies, and therefore the Complaint was subject to dismissal. On July 13, 2005, Magistrate Judge Anderson set a briefing schedule requiring Plaintiff to respond to the motion by August 11, 2005 (#9). Plaintiff has not responded.

**Motion to Dismiss** - In his Motion (#8), Defendant argues that Plaintiff had available to him administrative remedies under Maricopa County Sheriff's Office Policy DJ-3 to grieve his claim, but that he failed to do so, and therefore dismissal is required under 42 U.S.C. § 1997e(a). In support of these claims, Defendant submits the Affidavit of Sergeant Amy Grimm, a hearing officer for inmate grievances, introducing Policy DJ-3 and avowing that Plaintiff did not file any grievance during his incarceration by the Maricopa County

- 1 -

1 Sheriff's Office.

2 **Failure to Respond** - Plaintiff has failed to respond to the motion. The Court's order
3 (#9) setting the briefing schedule warned Plaintiff of the provisions of Local Rule of Civil
4 Procedure 7.2(i), which provides that a failure to respond to a motion can be deemed by the
5 Court to be a consent to the granting of the motion. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
6 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily
7 granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff
8 had time to respond to the motion but failed to do so).

9 Despite being warned of the effect of non-response, Plaintiff has not responded to the
10 motion to dismiss. Further, Plaintiff has not undertaken any visible action in this proceeding
11 following service of the Complaint. Accordingly, the Court will exercise its discretion to
12 deem Plaintiff's silence to be a consent to the granting of the motion.

13 Moreover, the Court finds that the motion should be granted on its merits.

14 **Exhaustion Requirement** - Exhaustion of administrative remedies under the Prison
15 Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides
16 that "[n]o action shall be brought with respect to prison conditions under section 1983 of this
17 title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
18 facility until such administrative remedies as are available are exhausted." 42 U.S.C. §
19 1997e(a). This language has been interpreted to require "that an inmate must exhaust
20 [available remedies] irrespective of the forms of relief sought and offered through
21 administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). Additionally,
22 the Court should not "read futility or other exceptions into statutory exhaustion requirements"
23 where the statute provides for no such exceptions. *See id.* The exhaustion requirement
24 "applies to all inmate suits about prison life, whether they involve general circumstances or
25 particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must fully
26 exhaust his administrative remedies before filing a complaint. *McKinney v. Carey*, 311 F.3d
27 1198, 1199-1200 (9th Cir. 2002). "If the district court concludes that the prisoner has not
28 exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without

1 prejudice." *Wyatt*, 315 F.3d at 1120.

2 **Standard for Granting Unenumerated Rule 12(b) Motion** - The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003). Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. *Wyatt*, 315 F.3d at 1119. Therefore, the defendant bears the burden of proving that plaintiff had available administrative remedies that he did not utilize. *Id*.; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt,* 315 F.3d at 1119-20. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Id.* at 1120.

**Failure to Exhaust Available Administrative Remedies** - Defendant has shown that Plaintiff had available to him the standard inmate grievance procedures under Policy DJ-3 to grieve his claims. Defendants further argue that Plaintiff's complaint asserts that despite the availability of administrative remedies, that he failed to exhaust them.

While Plaintiff's Complaint does admit a failure to exhaust remedies, it also alleges that his issues were not grievable. The PLRA only requires that administrative remedies which are "available" to the plaintiff be exhausted prior to bringing suit. *See* 42 U.S.C. § 1997e(a). Because the statute requires the remedy to be "available" to the prisoner, it is possible for a prisoner to exhaust his administrative remedies without his claims being denied at the highest level of administrative review specified by the relevant prison policies. For example, the federal courts have held that refusing an inmate grievance forms could raise an inference that the prisoner has exhausted his "available" administrative remedies. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that the district court erred by dismissing an inmate's section 1983 claim based on his failure to exhaust because the district court did not consider the inmate's allegation that prison officials refused to provide him with

grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (concluding that any remedy that prison officials prevent a prisoner from utilizing is not a remedy which is available as that term is defined in section 1997e(a)).

However, Plaintiff fails to provide details that lend credibility to his allegations that his issues were not grievable. He does not identify who told him his issues were not grievable, or whether it was a prison official or another inmate. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (concluding that section 1997e(a) does not permit the court to consider an inmate's subjective beliefs in determining whether administrative procedures are "available"). Moreover, Plaintiff offers no evidence that he attempted to have his grievances heard. *See Jones v. Smith*, 266 F.3d 399, 399 (6th Cir. 2001) (concluding that dismissal for failure to exhaust was proper because the plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form). Plaintiff's bare allegations are insufficient to establish that the jail's grievance procedures were unavailable.

Plaintiff's Complaint also alleges that for his issues in Count I (spoiled food, etc.) that grievances are ignored. (#1 at 4.) However, the exhaustion requirement has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). The Court should not "read futility or other exceptions into statutory exhaustion requirements" where the statute provides for no such exceptions. *See id.*

Finally, Plaintiff asserts that inmates who pursue grievances are "singled out for retaliation and additional restrictions." (#1 at 4.) Again, however, Plaintiff does not provide any detail to support this bare allegation. For example, he does not establish whether he would personally have been subject to such retaliation, or whether the retaliation was significant so as to amount to a practical bar to the use of the grievance procedures. *See Rhodes v. Robinson*, 380 F.3d 1123, 1131 (9th Cir. 2004) (discussing, in the context of First Amendment retaliation claim, the need for a showing of a chilling effect or other resulting harm).

Plaintiff fails to show that the jail's grievance procedures, which he admits not utilizing, were unavailable. Accordingly, Plaintiff's complaint and this action must be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, filed June 24, 2005 (#8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) and this action are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

DATED this 31st day of January, 2006.

_____
Stephen M. McNamee
Chief United States District Judge